## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAREK HASSAN,<br>                    Plaintiff,<br><br>v.<br><br>JLL INC., JC PENNY, WOODBRIDGE CENTER and/or JOHN DOES 1-10 (being fictitious persons unknown at this time) and/or ABC COMPANY 1-10 (being fictitious entities unknown at this time) and GHI BUILDING COMPANY (being fictitious entities unknown at this time),<br><br>                    Defendants. | CIVIL ACTION NO.: 2:25-cv-18750<br><br>**First Amended<br>Complaint and Jury Demand** |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Tarek Hassan, by and through undersigned counsel, brings this action against Defendants and states as follows:

## PARTIES

1. Plaintiff Tarek Hassan is an individual residing at 22 Westminster Road, South Amboy, New Jersey 08879.

2. Defendant JLL Inc. is a corporation doing business in New Jersey and is believed to be responsible for the management, operation, maintenance, and control of the Woodbridge Center Mall premises where the incident occurred.

3. Defendant JC Penny is a corporation doing business in New Jersey and operates a retail store at the Woodbridge Center Mall in Woodbridge, New Jersey, where it maintains, controls, and operates the premises where the incident occurred.

4. Defendant Woodbridge Center is an entity doing business in New Jersey and owns, manages, maintains, and controls the Woodbridge Center Mall premises located in Woodbridge, New Jersey.

5. Defendants John Does 1-10, ABC Company 1-10, and GHI Building Company are fictitious names for persons and entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of these Defendants when they are ascertained. These Defendants are believed to be responsible for the ownership, management, maintenance, operation, control, inspection, and cleaning of the premises where the incident occurred.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship. Plaintiff is a citizen of New Jersey, and Defendants are citizens of states other than New Jersey. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, specifically in Woodbridge, New Jersey.

## FACTUAL ALLEGATIONS

8. On August 2, 2025, Plaintiff was lawfully present as a business invitee at the JC Penny store located within the Woodbridge Center Mall in Woodbridge, New Jersey.

2

9. Plaintiff was shopping for shoes in the shoe section of the store, which is bounded by two aisles configured in a mirror image "L" shape.

10. While Plaintiff was in the shoe section, a store employee was mopping the short aisle that leads to storage doors within the shoe section area.

11. The store employee had initially placed wet floor warning signs in the area where the employee was actively mopping.

12. The store employee finished mopping the short hallway and moved the wet floor warning signs to a different location—the long vertical aisle that leads to the front of the store—and began mopping that aisle.

13. The store employee moved the wet floor warning signs from the short aisle well before the floor of that aisle had dried.

14. At the time the warning signs were removed, there remained a patch of soapy water along the edge of the short aisle, making the tile floor very slippery and creating a hazardous condition.

15. The removal of the wet floor warning signs created the false impression that the short aisle was safe to traverse when in fact it remained dangerous due to the wet and slippery condition.

16. When Plaintiff walked from the shoe section into the short aisle, he had no warning of the dangerous wet and slippery condition because the warning signs had been prematurely removed.

17. Plaintiff slipped on the wet, soapy tile and fell hard on the floor.

18. As a direct and proximate result of the fall, Plaintiff sustained severe and permanent injuries, including a neck injury that required surgery.

3

19. As a direct and proximate result of the incident, Plaintiff sustained severe injuries including but not limited to: cervical spine disc herniation at C3-C4 and disc bulging at C4-C5 with left C5 radiculopathy; lumbar spine disc herniations at L3-L4 and L4-L5 and disc bulging at L5-S1 with bilateral foraminal stenosis and bilateral S1 radiculopathy; rotator cuff tear, impingement syndrome, SLAP tear, and synovitis of the right shoulder requiring arthroscopic surgery; rotator cuff pathology and impingement syndrome of the left shoulder; articular cartilage tear, MCL sprain, and patellar tendinitis of the right knee; articular cartilage tear, ACL partial thickness changes, MCL and other ligament sprains, and patellar tendinitis of the left knee; bilateral carpal tunnel syndrome; peripheral neuropathy; and occipital neuralgia.

20. Plaintiff has undergone extensive medical treatment including right shoulder arthroscopy surgery performed on October 9, 2025; two cervical epidural steroid injections performed on October 6, 2025 and October 20, 2025; multiple MRI studies of the cervical spine, lumbar spine, bilateral shoulders, and bilateral knees; EMG and nerve conduction studies; physical therapy sessions approximately three times per week from August 12, 2025 through at least November 11, 2025; chiropractic treatment; pain management consultations; orthopedic consultations; and ongoing prescription medications including oxycodone-acetaminophen, cyclobenzaprine, gabapentin, lidocaine cream, and ibuprofen-famotidine.

21. Plaintiff requires additional future medical treatment including anticipated left knee arthroscopic surgery, potential anterior cervical discectomy and fusion surgery, ongoing pain management treatment, future physical therapy, future medications, and future diagnostic testing and imaging.

4

22. Multiple treating physicians have opined that Plaintiff's injuries are permanent in nature.

23. Plaintiff experiences severe ongoing pain rated 6-9 out of 10 on the pain scale, limited range of motion, muscle weakness, inability to sleep, functional limitations with daily activities, and an antalgic gait.

24. Plaintiff has been temporarily disabled from work due to difficulties with lifting, prolonged sitting, reaching overhead, repetitive bending, and carrying.

25. Plaintiff has incurred and will continue to incur substantial medical expenses, lost wages, and other economic damages as a result of the injuries sustained in the incident.

26. Plaintiff has suffered and will continue to suffer severe physical pain, emotional distress, mental anguish, loss of enjoyment of life, and other non-economic damages.

## COUNT ONE: NEGLIGENCE/PREMISES LIABILITY

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28. At all times relevant hereto, Defendants owned, operated, managed, maintained, and controlled the premises where the incident occurred, including the JC Penny store and the Woodbridge Center Mall.

29. At all times relevant hereto, Plaintiff was a business invitee lawfully on the premises.

30. Defendants owed Plaintiff a duty to maintain the premises in a reasonably safe condition, to warn of dangerous conditions, to adequately train and supervise employees in proper safety procedures, and to exercise reasonable care to prevent foreseeable harm to business invitees.

31. Defendants breached their duty of care owed to Plaintiff in one or more of the following ways: by allowing a dangerous wet and slippery condition to exist on the floor of the premises; by prematurely removing wet floor warning signs before the floor had dried; by failing to adequately warn Plaintiff of the dangerous condition; by failing to properly train and supervise employees in proper mopping and warning sign procedures; by failing to implement adequate policies and procedures for floor cleaning and maintenance; by failing to ensure that wet floor areas were properly barricaded or that warning signs remained in place until the floor was completely dry; by creating a hazardous condition through improper mopping procedures; by failing to conduct adequate inspections of the premises; and by otherwise failing to exercise reasonable care for the safety of business invitees.

32. Defendants' negligence and breach of duty were the direct and proximate cause of the incident and of Plaintiff's resulting injuries and damages.

33. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer the injuries and damages described above.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Awarding Plaintiff compensatory damages in an amount to be determined at trial for past and future medical expenses, past and future lost wages and loss of earning capacity, and all other economic damages;

B. Awarding Plaintiff compensatory damages in an amount to be determined at trial for past and future pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, permanent injury, and all other non-economic damages;

C. Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RULE 4:5-1 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other pending action in any court or arbitration proceeding known to Plaintiff at this time. I further certify that no other parties should be joined in this action at this time. I certify that the foregoing statements made by me are true. I am aware that if any are willfully false, I am subject to punishment.

THE HADDAD LAW FIRM

By: _____
Raoul Bustillo, Esq.
Attorney ID No. 046221996
100 West Pond Road
Hopelawn, NJ 08861
raoul@sphlaw.com
Phone: 732-933-3535 Ext. 9089
Attorney for Plaintiff Tarek Hassan

7